**Dallas CONSTANCE, Plaintiff-Appellant,**

v.

**JOHNSTON DRILLING COMPANY, the Travelers Insurance Co., Berard Boat Rentals, Inc., Defendants-Appellees,**

**Geophysical Service, Inc., Defendant.**

No. 28392
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1970.

Wilson M. Montero, Jr., New Orleans, La., for appellant.

John L. Pitts, Alexandria, La., Edwin K. Legnon, New Orleans, La., Stafford & Pitts, Alexandria, La., for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ This appeal is brought by Constance, a seaman who was injured when he fell through an open hatch on the barge M/V ATLAS on March 1, 1966. He brought suit in the District Court against Berard Boat Rentals, the owner of the vessel, and Johnston Drilling Company, his Jones Act employer. Johnston and its insurer, Travelers Insurance Company, cross claimed against Berard. Prior to trial Berard entered into a settlement agreement with Constance. The District Court found that there was no negligence on the part of Constance and that the negligence of the master of the vessel, who was an employee of Berard, in leaving the hatch open, was the sole proximate cause of the injury. The Court further held that Johnston Drilling Company, Constance's employer, was liable in solido with Berard because Johnston had breached its duty as a Jones Act employer to provide a seaworthy vessel. Johnston, however, was held to be entitled to indemnity from Berard because Johnston's negligence was passive. We affirm.[1]

Constance entered into a compromise and settlement agreement with Berard, which provided that he was to hold Berard harmless against the demands of Johnston and Travelers. Under the District Court's findings of fact and conclusions of law Constance ends up with no additional damages. To overcome this dilemma he urges on appeal that Berard's skipper was Johnston's agent and that this makes Johnston an active joint tort feasor, which bars his right to indemnity; that Johnston does not have an implied right of indemnity from Berard because Constance's suit is based on the Jones Act; and, finally, that Constance should have been awarded damages because he was not paid exactly the amount of maintenance which was eventually determined by the District Court as being due ($7.00 per day instead of $5.00 per day).

■ The District Court found "that Constance's driller told Berard's skipper where to take the drilling barge. That was all." These findings are not clearly erroneous. McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20. Indeed they are fully supported by the record. Thus there was no agency.

■ Constance's contention that a claim under the Jones Act must be distinguished from a claim of unseaworthiness in applying an implied right of indemnity attempts to create a distinction without a difference in the principle involved. Marine Terminals v. Burnside Shipping Company, 1969, 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371. Tri-State Oil Tool Industries v. Delta Marine Drilling Company, 5 Cir.1969, 410 F.2d 178; Jones v. Waterman Steamship Corp., 3 Cir.1946, 155 F.2d 992. See also Gilmore and Black, The Law of Admiralty, pp. 271, 272. We find no merit to this argument.

■ We agree with the District Court that Constance was not entitled to attorney's fees and damages for having been paid $2.00 per day maintenance less than the amount finally awarded. There was no suggestion that the shipowner was lax in investigating the claim or acted arbitrarily or unreasonably. The only question was the amount involved, which Johnston was entitled to contest.

Affirmed.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.